UNITED STATES BANKRUPTCY COURT
DISCTICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In Re: | : | Case No. 21-30845 (AMN) |
| | : | Chapter 7 |
| Paul P. Granahan | : | |
|     Debtor | : | |
| | : | |
| | : | |
| State of Connecticut, | : | Adv. Proc. No. 22-03002 (AMN) |
| Department of Labor | : | |
|     Plaintiff | : | |
| | : | |
|     v. | : | |
| | : | |
| Paul P. Granahan | : | |
|     Defendant | : | Re: AP-ECF No. 41[1] |

**MEMORANDUM OF DECISION AND ORDER
GRANTING MOTION FOR JUDGMENT BY DEFAULT**

On October 26, 2021 ("Petition Date"), Paul P. Granahan, the defendant debtor (the "Defendant"), filed a Chapter 7 voluntary bankruptcy petition. (ECF No. 1.) As part of his initial filing, the Defendant scheduled a non-contingent and undisputed debt owed to the State of Connecticut Department of Labor (the "Plaintiff") in the amount of approximately $12,500 for state unemployment benefit overpayments. (ECF No. 1, p.18.)

Subsequently, the Plaintiff filed the current adversary proceeding complaint on February 8, 2022, to determine dischargeability of its claim pursuant to 11 U.S.C. § 523. (AP-ECF No. 1, p. 1.) In its complaint, the Plaintiff alleged it had provided the Defendant with unemployment insurance benefits for the weeks ending November 17,

---

[1] Citations to the docket of this adversary proceeding, number 22-03002 (AMN) are referenced as "AP-ECF No." while citations to the underlying Chapter 7 case (case number 21-30845 (AMN)) are refereced as "ECF No. ___."

2007, through April 12, 2008, July 12, 2008, through October 4, 2008, and October 18, 2008, through April 11, 2009. (AP-ECF No. 1, p. 2.) During those periods of time, the Plaintiff alleged the Defendant was employed and earning wages from his employer, ZWUSH, LLC, a Connecticut limited liability company with a place of business at 21 Charles Street, Fl 3, Westport, CT 06880 ("ZWUSH"). (AP-ECF No. 1, p. 2-3.) The Defendant's employment made him ineligible to receive unemployment benefits, resulting in overpayments. The Plaintiff determined the Defendant intentionally, deliberately and with the intent to obtain unemployment compensation benefits by fraud, did not report his earned wages to the Plaintiff as was required for those weeks. (AP-ECF No. 1, p. 3.) Now the Plaintiff seeks a determination that the overpayment claim is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

After service of the Summons and Complaint, the Defendant failed to appear in the adversary proceeding, to appear at the initial Pre-Trial Conference or to otherwise respond to the Plaintiff's complaint. (See AP-ECF Nos. 2, 4.) A pre-trial conference was held on April 12, 2022, though the Defendant failed to appear. (AP-ECF No. 11.) The Clerk entered a default against the Defendant on June 16, 2022. (AP-ECF No. 16, 17.)

Now pending is the Plaintiff's Motion for Judgment Upon Default supported by an affidavit regarding the allegations in the complaint ("Affidavit") and a military affidavit. (AP-ECF Nos. 41, pp. 4-6, 42.) According to the unopposed Affidavit, the Benefit Payment Control Unit of the Department of Labor ("BPCU") sent the Defendant an overpayment decision on May 14, 2009, advising the Defendant of its final determination "the Defendant (a) knowingly made false statements or representations or

knowingly failed to disclose a material fact in order to obtain or increase benefits; and (b) was overpaid unemployment compensation benefits between October 20, 2007 and April 11, 2009." (AP-ECF No. 41, p. 5.) The Defendant did not appeal that decision but did make some payments toward the BPCU claim. (AP-ECF No. 41, p. 5.)

The BPCU determined, via its investigation, the Defendant failed to report he was employed and earning wages during the weeks he applied for and received unemployment benefits and was thus overpaid those benefits due to his false statements and representations. Conn. Gen. Stat. § 31-273(b)(1) states "any person who, by reason of fraud, willful misrepresentation or willful nondisclosure of material fact, has received any sum as benefits while any condition for the receipt of benefits was not fulfilled shall be liable to repay to the Administrator for the Unemployment Compensation Fund a sum equal to the amount so overpaid plus interest at the rate of one per cent per month."

Under 11 U.S.C. § 523(a)(2)(A), a debt is not dischargeable "for money…to the extent obtained by false pretenses, a false representation, or actual fraud." Here, the court concludes the Plaintiff met its burden to establish the elements for a determination under § 523(a)(2)(A) through its Affidavit stating the BPCU's final determination that the Defendant intentionally, deliberately and with the intent to obtain unemployment compensation benefits by fraud, did not report his earned wages to the Plaintiff as was required for those weeks. Based on the record here, the Plaintiff is therefore entitled to a default judgment determining its claim to be non-dischargeable pursuant to § 523(a)(2)(A).

This is a final order subject to rights of appeal. The time within which a party may

file an appeal of a final order or judgment of the bankruptcy court is fourteen (14) days after it is entered on the docket.  *See*, Fed.R.Bankr.P. 8002(a)(1). This decision and the default judgment that will enter on the same date comprise a final order subject to traditional rights of appeal with a fourteen (14) day appeal period.  *See, Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S.Ct. 582 (2020).

Accordingly, it is hereby

**ORDERED:** As a judgment by default, the debt owed by the Defendant to the Plaintiff for an overpayment of unemployment insurance benefits for the weeks ending November 17, 2007, through April 12, 2008, July 12, 2008, through October 4, 2008, and October 18, 2008, through April 11, 2009, is non-dischargeable under 11 U.S.C. §523(a)(2)(A); and it is further

**ORDERED:**  A separate default judgment shall enter in favor of the Plaintiff.

Dated this 23rd day of November, 2022, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut